**United States District Court**
For the Northern District of California

1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5            OAKLAND DIVISION

6

7  JERRY SMITH,

8                    Petitioner,                No. C 14-2766 PJH (PR)

9    vs.                                        **ORDER GRANTING
                                                RESPONDENT'S MOTION TO**
10 KEVIN CHAPELL,                               **DISMISS AND DENYING
                                                CERTIFICATE OF**
11                   Respondent.                **APPEALABILITY**
                                        /

12

13         This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254.

14 This case involves the loss of time credits during petitioner's incarceration at San Quentin

15 State Prison.  Petitioner asserts that his due process rights were violated when the senior

16 hearing officer failed to call petitioner's requested witness at a disciplinary hearing.

17 Respondent has filed a motion to dismiss for lack of federal habeas jurisdiction.  Petitioner

18 has filed an opposition, and respondent has filed a reply.  For the reasons that follow, the

19 motion will be granted.

20                              **DISCUSSION**

21 **Legal Standard**

22         Article III, Section 2, of the Constitution requires the existence of a "case" or

23 "controversy" through all stages of federal judicial proceedings.  This means that,

24 throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual

25 injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

26 *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  A case becomes moot "when

27 the parties lack a legally cognizable interest in the outcome."  *Johnson v. Rancho Santiago*

28 *Cmty. Coll. Dist.*, 623 F.3d 1011, 1020 (9th Cir. 2010) (internal quotation marks and

**United States District Court**
For the Northern District of California

1   citations omitted).  "[A] dispute solely about the meaning of a law, abstracted from any

2   concrete actual or threatened harm, falls outside the scope of the constitutional words

3   'Cases' and 'Controversies'".  *Alvarez v. Smith*, 558 U.S. 87, 93 (2009) (citations omitted).

4        "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction

5   always satisfies the case-or-controversy requirement, because the incarceration (or the

6   restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the

7   conviction and redressable by  invalidation of the conviction."  *Spencer v. Kemna*, 523 U.S.

8   1, 7 (1998).  Once the sentence has expired, however, there must be some "concrete and

9   continuing injury other than the now-ended incarceration or parole-some 'collateral

10  consequence' of the conviction-must exist if the suit is to be maintained" and not

11  considered moot.  *Id.*  Continuing collateral consequences may be either proven or

12  presumed.  *Id.* at 8.  However, the presumption of collateral consequences that is

13  applicable to criminal convictions does not extend to prison disciplinary proceedings.

14  *Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003).

15        Federal habeas corpus jurisdiction is limited to claims that affect the fact or duration

16  of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Therefore, "habeas

17  jurisdiction is absent . . . where a successful challenge to a prison condition will not

18  necessarily shorten the prisoner's sentence."  *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th

19  Cir. 2003).

20        **Analysis**

21        On March 13, 2013, petitioner was found guilty of disobeying an order and assessed

22  a 30-day loss of credits.  Petition at 13.  Petitioner later requested restoration of the credits

23  for remaining disciplinary free, and the 30 days of credits were restored on June 20, 2013.

24  Motion to Dismiss, Ex. 1.  Petitioner concedes that the credits were restored.  Docket No. 7

25  at 2.  Because a successful challenge will not shorten petitioner's sentence, habeas

26  jurisdiction is absent.

27        Petitioner contends that a change in his custody status continued which will affect

28  the duration of his sentence.  He argues that he will be "denied favorable points because of

United States District Court
For the Northern District of California

1   my custody status pertaining to granted credits" pursuant to Cal. Code Regs. tit. 15, §

2   3377.2.  Docket No. 7 at 3.  A review of § 3377.2 does not indicate that duration of

3   petitioner's sentence will be affected.  Section 3377.2 discusses various custody status

4   levels and the duration at different levels, but petitioner has not shown that the duration of

5   his sentence has changed.  Petitioner's brief statement to the contrary and the attachment

6   of several California regulations that do not appear to apply are insufficient to demonstrate

7   that his sentence has been, or will be affected.  While petitioner's custody status level may

8   have been affected, the court cannot provide habeas relief for such a claim.  The Ninth

9   Circuit has held that allegations that a rule violation finding will adversely affect the

10  petitioner's classification, institutional and housing assignments, privileges or may result in

11  a delay or denial of parole, involve discretionary decisions that are too speculative to

12  constitute sufficient proof of collateral consequences.  *Wilson*, 319 F.3d at 481-82.

13  Petitioner cannot demonstrate that the disciplinary action affected the duration of his

14  sentence because the lost credits were restored; therefore, the motion to dismiss is

15  granted.

**CONCLUSION**

17      Respondent's motion to dismiss (Docket No. 6) is **GRANTED** as discussed above.

18  The petition is **DISMISSED**.  The clerk shall close the file.

**APPEALABILITY**

20      The federal rules governing habeas cases brought by state prisoners require a

21  district court that enters a final order adverse to the petitioner to grant or deny a certificate

22  of appealability ("COA") in the order.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28

23  U.S.C. foll. § 2254.

24      A petitioner may not appeal a final order in a federal habeas corpus proceeding

25  without first obtaining a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App.

26  P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural

27  question antecedent to the merits, for instance a dismissal on statute of limitations grounds,

28  as here.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

3

**United States District Court**

For the Northern District of California

1      "Determining whether a COA should issue where the petition was dismissed on

2 procedural grounds has two components, one directed at the underlying constitutional

3 claims and one directed at the district court's procedural holding." *Id.* at 484-85.  "When the

4 district court denies a habeas petition on procedural grounds without reaching the

5 prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

6 least, that jurists of reason would find it debatable whether the petition states a valid claim

7 of the denial of a constitutional right and that jurists of reason would find it debatable

8 whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these

9 components is a "threshold inquiry," the federal court "may find that it can dispose of the

10 application in a fair and prompt manner if it proceeds first to resolve the issue whose

11 answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court

12 jurisprudence "allows and encourages" federal courts to first resolve the procedural issue,

13 as was done here.  *See id.*

14      Here, the court declines to issue a COA regarding the procedural holding or the

15 underlying claim because reasonable jurists would not find the court's findings debatable.

16 The court therefore **DENIES** a COA.

17      **IT IS SO ORDERED.**

18 Dated: October 29, 2014.

                                   PHYLLIS J. HAMILTON

19                              United States District Judge

20

21 G:\PRO-SE\PJH\HC.14\smith2766.mtd.wpd

22

23

24

25

26

27

28

                                        4